UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAURICE COLE, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:14-cv-650-JMS-DKL |
| | ) |
| BRIAN SMITH, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Maurice Cole for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 14-01-0128. For the reasons explained in this Entry, Mr. Cole's habeas petition must be **denied**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On January 16, 2014, Correctional Officer D. Fish wrote a Report of Conduct that charged Mr. Cole with class A offense 117, assault on staff (Exhibits A1-A2). The Conduct Report states:

> On 1-16-14 at approximately 5:55 pm I officer D. fish had told offender Cole, Maurice Doc # 113947 HUW MI-15U, to stop running on the walks or you will be sent back to the dorm which he refused. At this time I stopped this offender to verbally correct his mistake stating that he was "being held back because he was running on the walk". Then the offender clearly stated "I'm not going back to the dorm you might as well send me to the hole." I then told the offender you're staying here until I tell you that you may go. Offender Cole then started to walk away from me proceeding towards the chowhall. I then stepped in front of the offender and ordered him turn around to cuff up. At this time this offender landed a punch using his right hand (closed) and hit my left eye. Then he threw another punch with his left hand (closed) which I blocked with my right hand (open). At this time I lost footing and fell unto [sic] my back and the offender jumped on top of me in a mounted position, before he threw another punch I grabbed the offender using both hands (open) and wrapped them around his head and held the offender to my body to prevent any more injuries. At this time additional custody staff arrived to assist. Yard staff escorted the offender to seg.

Exhibits B1 and B2 are photographs of Officer Fish after the incident.

On January 18, 2014, Mr. Cole was notified of the charge of class A offense 117, assault on staff, when he was served with the Conduct Report and the Notice of Disciplinary Hearing (Screening Report) (Exhibits A1-A2, C). Mr. Cole was notified of his rights and pled guilty (Exhibit C). He did not request a lay advocate, any witnesses, or any physical evidence. Mr. Cole refused to sign the Screening Report.

The hearing officer conducted a disciplinary hearing in No. IYC 14-01-0128 on January 21, 2014 (Exhibit D). Mr. Cole's statement was "I did not say any of that. It don't mean nothing. I'll just try to appeal it." The hearing officer found Mr. Cole guilty of class A offense 117, assault on staff. As to the reason for his decision, the hearing officer wrote, "I LT. J. Geiger find Offender

Cole, Maurice # 113947 guilty of a 117A, due to staff statements, offender's statement and lack of care over the incident. I site egregious sanctions for segregation time and earned credit time." The hearing officer listed staff reports, the statement of the offender, and the pictures of staff as the evidence he considered. The hearing officer imposed sanctions including 360 days of disciplinary segregation, an additional 90 days of disciplinary segregation that had been suspended, and an earned credit time deprivation of 360 days. The hearing officer imposed the sanctions due to the seriousness of the offense, the degree to which the violation disrupted and endangered the security of the facility, the likelihood of the sanction having a corrective effect on the offender's future behavior, and especially the offender's attitude and demeanor during the hearing.

Mr. Cole's appeals through the administrative process were denied. He now seeks relief pursuant to 28 U.S.C. § 2254, arguing that his due process rights were violated.

### III. Analysis

Mr. Cole's claims for habeas relief are: 1) he was improperly screened and denied witnesses and evidence; 2) there was insufficient evidence to support his conviction; and 3) the sanctions were unconstitutional.

Mr. Cole first argues that contrary to what it says on the Screening Report, he did not want to plead guilty. He alleges that the screening officer screened him in a low tone while Mr. Cole was asleep and did not accurately write what Mr. Cole requested in relation to wanting 21 witnesses and video evidence. Although it was recorded that Mr. Cole pled guilty, he was still given the opportunity to defend himself at a disciplinary hearing. At the hearing, he disputed saying what was reported in the conduct report. The hearing officer considered Mr. Cole's comments at

the hearing, and there is no indication at the hearing that Mr. Cole asked the hearing officer for time to present witness statements or obtain video evidence.

It is true that an offender cannot be denied witnesses/evidence without an explanation, however, even if Mr. Cole had been denied witnesses or video, he must show prejudice. *See Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) (harmless error analysis applies to prison disciplinary hearings). Mr. Cole cannot show prejudice because he does not deny striking the officer. Rather, he argues that he was justified in hitting the officer because he was acting in self-defense and the officer grabbed him first. Self-defense is not a valid defense to assault in the context of a prison disciplinary action. *Jones v. Cross,* 637 F.3d 841, 847-48 (7th Cir. 2011). Therefore, this claim fails.

Mr. Cole's next claim challenges the sufficiency of the evidence. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

In this case, the conduct report provided sufficient evidence to support the charge of assault. As noted above, Mr. Cole does not even deny hitting the officer. He argues that the officer ordered him to go to his dorm rather than go to the chow hall and eat. Mr. Cole admits that he walked away from the officer rather than obey his command. Mr. Cole alleges that the officer grabbed him and started using physical force, which Mr. Cole says is when the fight started. As noted, these circumstances do not render the disciplinary conviction improper.

Mr. Cole's final claim for relief is that he "has been unconstitutionally deprived of credit time, time classes and/or subjected to unconstitutional disciplinary punishment." He argues that the charging officer violated Indiana Department of Correction ("IDOC") policies by using physical force to coerce Mr. Cole to go to his dorm and by conducting himself in a manner unbecoming staff. Habeas corpus relief cannot be based upon a violation of the rules and procedures of the IDOC or other state law. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief); *Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (an inmate "has no cognizable claim arising from the prison's application of its regulations."). In addition, as pointed out by the respondent, the sanctions imposed against Mr. Cole were within the guidelines and were not unconstitutional. For these reasons, this claim is also meritless.

Mr. Cole was given notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Cole's due process rights.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Cole's petition for a writ of

habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 05/12/2015

*Jane E. Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Maurice Cole, DOC # 113947, Westville Control Unit, Electronic Service Participant – Court Only

Electronically registered counsel